IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BINH VAN NGUYEN | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:10cv253-HSO-JMR |
| | § | |
| REGIONS BANK and | § | |
| THOMAS REYNOLDS, JR. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

This cause comes before the Court upon Plaintiff's Motion to Remand [7] this case to the Circuit Court of Harrison County, Mississippi, Second Judicial District. Defendants have filed a Response [10], and Plaintiff has filed a Reply [13]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be granted, and that this case should be remanded to state court.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint [6-4] in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on or about August 28, 2008, naming as Defendants Allstate Insurance Company, Mississippi Windstorm Underwriting Association ["MWUA"], Regions Bank ["Regions"], and Thomas Reynolds, Jr. ["Reynolds"]. Compl., at p.1. Plaintiff filed an Amended Complaint [6-1] on or about May 10, 2010, naming only Regions and Reynolds as Defendants [collectively, "Defendants"], and asserting a claim against them for detrimental reliance. Am. Compl. This claim stems from the non-renewal of Plaintiff's wind and hail coverage based upon his failure to pay the premium. *Id.* at ¶ 10. Plaintiff alleges that he

reasonably relied on Defendants' representation that Regions would pay the real property taxes and insurance premiums from an escrow account for Plaintiff's mortgage loan.  *Id.* at ¶ 14.  Defendants removed the case to this Court on June 4, 2010.  Notice of Removal.  Defendants invoke this Court's jurisdiction based upon both diversity of citizenship and federal question.  *Id.*  They assert that Defendant Thomas Reynolds, Jr. ["Reynolds"], was fraudulently joined to defeat diversity jurisdiction.  *Id.*  Plaintiff now seeks remand to state court.

## II.  DISCUSSION

A.  Removal Statute

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982).  For this reason, removal statutes are subject to strict construction.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party or parties seeking removal, Defendants in this case, bear the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.     Diversity Jurisdiction

The parties do not dispute that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* 28 U.S.C. § 1332(a); Pl.'s Mot. to Remand (maintaining that "there is no federal question, there is not complete diversity of citizenship and there has been no fraudulent joinder," but not asserting that the amount in controversy is insufficient to confer federal jurisdiction).[1] The question presented is whether there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a). The determinative issue is whether Defendant Reynolds was fraudulently

---

[1] In their Notice of Removal, Defendants state that the amount of wind-hail coverage at issue was $35,000.00, less a $500 policy deductible. Notice of Removal, at p. 9. Defendants point out that Plaintiff seeks to recover actual damages, as well as extra-contractual and punitive damages, costs, fees, expenses, and attorney fees. *Id.* Thus, Defendants contend that Plaintiff's claims satisfy the $75,000.00 jurisdictional threshold of § 1332. *Id.* Interest and costs are explicitly excluded from the computation, pursuant to § 1332(a). However,

> [i]t is well settled that, if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy . . . . Indeed, federal courts sitting in Mississippi have routinely held that unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdiction threshold set out in 28 U.S.C. § 1332.

*Conner v. First Family Financial Services, Inc.*, No. 4:01cv242, 2002 WL 31056778, at *8 (N.D. Miss. August 28, 2002)(internal citations omitted).

3

or improperly joined as a Defendant in order to defeat this Court's diversity jurisdiction.

### 1. Fraudulent Joinder Standard

As the removing parties, Defendants bear the burden of demonstrating fraudulent or improper joinder. This burden is a heavy one. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). Here, there is no allegation or evidence of fraud in pleading jurisdictional facts, so the Court focuses on the second method of establishing improper joinder. Under this method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

*Travis*, 326 F.3d at 648.

"[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*quoting Smallwood*, 385 F.3d at 573). If a court finds, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, that there is "arguably a reasonable basis for predicting that

4

the state law might impose liability on the facts involved, then there is no fraudulent joinder and hence no basis for asserting diversity of citizenship jurisdiction." *Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005) (*quoting Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

    2.    <u>Analysis</u>

Plaintiff initially purchased homeowner's and windstorm insurance policies in 1998 through his Allstate insurance agent, Defendant Reynolds. *See* Am. Compl. [1-3], at ¶ 5; Aff. of Thomas Reynolds, Jr., attached as Ex. "A" to Defs.' Resp. According to Plaintiff, Reynolds told him that "he [Reynolds] would personally be responsible for setting up the payments of the insurance premiums through Regions Bank, [Plaintiff's] mortgage company . . . ." *Id.* at ¶ 6. Plaintiff states that he supplied Reynolds with the necessary information, and that he relied on and trusted Reynolds to "carry out his promise that [Reynolds] would see to it that the premiums would be paid as and when due from [Plaintiff's] escrow account, which had sufficient funds to pay the insurance premiums." *Id.* Plaintiff claims that Reynolds collected his initial insurance premium, and told him that, subsequently, Plaintiff would make insurance payments with his monthly house payment to Regions Bank, who "would pay subsequent annual premiums from Plaintiff's escrow account as and when the premium notices were received by the bank annually." *Id.*

Plaintiff acknowledges that Reynolds "made the arrangements with Regions Bank for the payment of insurance premiums for Homeowners insurance and wind

insurance through Plaintiff's mortgage escrow account, and Regions began paying the premiums." *Id.* at ¶ 8. A problem apparently arose in January 2005, when Plaintiff received a renewal notice from Allstate. After Plaintiff suffered a loss to his home during Hurricane Katrina on August 29, 2005, he claims that he was notified that he no longer had wind and hail coverage, as the policy had expired on March 27, 2005. *Id.* at ¶¶ 10, 13. Plaintiff avers that Allstate/Mississippi Windstorm Underwriting Association sent a Notice of Expiration of the policy to both Reynolds and Regions Bank on April 11, 2005. *Id.* at ¶ 13. Plaintiff claims that he never received this Notice. *See* Pl.'s Mem. in Supp. of Mot. to Remand, at p. 3.

In his Amended Complaint, Plaintiff advances a claim for detrimental reliance against both Defendants. Am. Compl., at ¶ 14. With respect to Reynolds, Plaintiff maintains that he reasonably relied, to his detriment, upon Reynolds' representation that Regions Bank would pay real property taxes and insurance premiums from the escrow account for Plaintiff's mortgage loan. *Id.* Plaintiff contends that Reynolds received notice that Regions Bank failed to make these payments, but took no action. *Id.* at ¶ 15. Plaintiff maintains that "Reynolds knew or should have known that Plaintiff continued to rely on his prior representations, and took no action whatsoever to prevent the policy from lapsing or to notify Plaintiff of same." *Id.* at ¶ 21. Plaintiff argues that Defendants' actions constitute a breach of the duties owed Plaintiff, and that "Reynolds acted with negligence or

gross negligence" warranting imposition of extra-contractual and punitive damages under Mississippi law. *Id.* at ¶ 23.

Defendants respond that Plaintiff's allegations as to his purported detrimental reliance upon Reynolds' representation that Regions would pay real property taxes and insurance premiums from the escrow account for Plaintiff's mortgage loan are insufficient to sustain a viable cause of action against Reynolds. Mem. in Opp'n to Mot. for Remand, at p. 7. They contend that, after the MWUA issued the wind policy to Plaintiff, "Regions would then pay subsequent annual premiums from Plaintiff's escrow account as and when the premium notices were received by Regions." *Id.* at p. 8. Defendants maintain that "Reynolds had no role whatsoever in the escrowing of monies and/or payment of the annual premium of the wind-policy by Regions to MWUA." *Id.* Defendants therefore assert that "it is nonsensical for Plaintiff to allege that Reynolds was negligent in any manner with respect to the payment out of an escrow account funded by Plaintiff and maintained by Regions." *Id.*

Defendants also contend that,

> because Reynolds was not a party to the agreement between Plaintiff and Regions to escrow monies to pay premiums, he is not liable under the agreement for failure to make sure the premium was paid, to prevent a lapse in coverage or any other alleged breach of contract, although Plaintiff clearly pleads that Reynolds actions constitute a breach of the duty owed to Plaintiff.

*Id.* (*citing Jenkins v. Farmington Cas. Co.,* 979 F. Supp. 454, 457 (S.D. Miss. 1997)). Defendants further rely upon Mississippi Code § 83-21-27 for the proposition that

"insurance agents 'shall not be personally liable to the holder of any policy of insurance so issued or delivered.'" *Id.* (*quoting* Miss. Code § 83-21-27).[2]

"Under Mississippi law, the general rule is that an agent for a disclosed principal incurs no liability for a breach of duty or a contract perpetrated by its disclosed principal and a third party." *Gray v. U.S. Fidelity and Guar.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986) (*citing* Miss. Code Ann. § 83-21-27 (1972); *Progressive Casualty Ins. Co. v. Keys*, 317 So. 2d 396 (Miss. 1975); *Wood v. Mississippi Power Co.*, 146 So. 2d 546, 551 (Miss. 1962); *Shemper v. Hancock Bank*, 40 So. 2d 742, 744 (Miss. 1949); *Ketcham v. Mississippi Outdoor Display*, 33 So. 2d 300, 301 (Miss. 1948)). Federal district courts applying Mississippi law have held that an agent for a disclosed principal, acting within the authority of his agency, will not be personally liable where a third party brings an action for a breach of contract against the principal. *Id.* (*citing Cone Mills Corp. v. Hurdle*, 369 F. Supp. 426 (N.D. Miss. 1974); *Webbs v. Culberson, Heller & Norton, Inc.*, 357 F. Supp. 923 (N.D. Miss.1973); *Chipman v. Lollar*, 304 F. Supp. 440 (N.D. Miss. 1969)). "Exceptions to this general rule have been made where plaintiff has made allegations which

---

[2] In its entirety, section 83-21-27 reads as follows:

> Nothing contained in sections 83-21-17 to 83-21-31 shall authorize any person, firm, association, or corporation to guarantee or otherwise validate or secure the performance or legality of any agreement, instrument, or policy of insurance of any insurer not licensed to do business in this state, nor to permit or authorize any nonlicensed insurer to do any insurance business by or through any person or agent acting within this state; but agents licensed hereunder acting pursuant to the cited sections may issue and deliver to their clients, the insured, binders, policies, and other confirmation of direct insurance so lawfully placed, and shall not be personally liable to the holder of any policy of insurance so issued or delivered for any loss covered thereby.

Miss. Code § 83-21-27.

establish a separate and independent tort against the agent." *Id.* (*citing Simpson v. M-P Enterprises, Inc.*, 252 So. 2d 202, 207 (Miss. 1971); *Pittman v. Home Indemnity*, 411 So. 2d 87 (Miss. 1982)).

In this case, in addition to a misrepresentation claim, Plaintiff has alleged that Reynolds committed the independent torts of negligence or gross negligence. Am. Compl., at ¶ 23 ("Reynolds acted with negligence and or [sic] gross negligence" warranting the imposition of extra-contractual and punitive damages under Mississippi law.). Plaintiff claims that Reynolds "took no action whatsoever to prevent the policy from lapsing or to notify Plaintiff of same." *Id.* at ¶ 21.

Defendants argue that "[a]t best, the Amended Complaint asserts a simple negligence claim against Reynolds for which he cannot be independently liable according to the well established law of Mississippi." Mem. in Opp'n to Mot. to Remand, at p. 12. Defendants are correct, with respect to claims regarding bad faith handling or denial of claims. *See Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991). However, in other instances, an agent may be held liable for negligence in performing his duties. *See, e.g., Mladineo v. Schmidt*, No. 2008-CA-02011-SCT, 2010 WL 4242620, *8-9 (Miss. Oct. 28, 2010) (applying negligence standard to claims regarding agent's advice to insureds as to coverage needs and agent's purported failure to procure requested coverage); *Estate of Haggerty v. Allstate Ins. Co.*, No. 1:07cv915-LTS-RHW, 2008 WL 2705515, *5-6 (S.D. Miss. July 7, 2008) (holding agent to duty of reasonable care regarding agent's receipt of notices regarding reduction in flood coverage). Based on Defendant's assertion

alone that, "[a]t best, the Amended Complaint asserts a simple negligence claim against Reynolds," Mem. in Opp'n to Mot. to Remand, at p. 12, the Court finds that Defendants have not carried their burden of demonstrating that Plaintiff will be unable to recover against Reynolds in state court. *See Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.

      Moreover, Defendants only address Reynolds' alleged negligence in terms of initial policy procurement, Reynolds not being a party to the policy, and the insurer's denial of Plaintiff's wind claim, *see id.* at pp. 7-12, but not in the context of Reynolds' alleged failure to act when he purportedly received the notices of policy renewal and expiration and failed to notify Plaintiff of the same. The parties have not addressed whether it was negligence or gross negligence for Reynolds not to act under the circumstances. In short, Defendants have not sufficiently addressed this allegation in their Notice of Removal or in their Response to Plaintiff's Motion to Remand, and have not carried their heavy burden of demonstrating that there is no reasonable basis to predict that Plaintiff might be able to recover against Reynolds in state court. *See Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573. This is insufficient to demonstrate fraudulent or improper joinder. *See Travis*, 326 F.3d at 649. The Court cannot conclude that diversity jurisdiction exists.

C.    <u>Federal Question Jurisdiction</u>

      The Notice of Removal also asserts that this Court has federal question jurisdiction over this case, pursuant to 28 U.S.C. §§ 1331, 1334, 1441, 1446, and 1452. Notice of Removal, at p. 9. Defendants contend that Plaintiff filed a

voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi, on or about July 7, 2005, which was terminated on August 22, 2008. *Id.* at 10. They allege that Plaintiff's claims in this case accrued on or about April 11, 2005, and should have been included in his bankruptcy proceeding. *Id.*

In their Notice of Removal, Defendants advance two grounds for this Court's purported original bankruptcy jurisdiction. First, they contend that this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b). Notice of Removal, at p. 10. Second, they maintain that "this action is also removable pursuant to 28 U.S.C. § 1452 because bankruptcy courts have the inherent jurisdiction to enforce their prior orders, even in the absence of 'related to' bankruptcy jurisdiction." *Id.* (*citing* 28 U.S.C. § 1334 and 11 U.S.C. § 105).

1. <u>28 U.S.C. § 1334(b)</u>

Defendants posit that this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b). "The instant action is related to the bankruptcy case of Debtor/Plaintiff because it involves a cause of action of the bankruptcy estate of Debtor/Plaintiff." Notice of Removal, at p. 10. According to Defendants, "[t]his matter is a core proceeding in that the cause of action or claim is an asset of the bankruptcy estate." *Id.* at p. 11.

Section 1334(b) reads, in relevant part, as follows:

> notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

11

28 U.S.C. § 1334(b).

The Fifth Circuit has explained that proceedings "arise under" Title 11 "insofar as they involve a cause of action created by a statutory provision therein . . . ." *In re Wilborn*, 609 F.3d 748, 752 (5th Cir. 2010). Proceedings that "arise in" cases under Title 11 by their nature can only arise in bankruptcy cases. *Id.* The present dispute relates to the expiration of Plaintiff's insurance policy, and does not involve a cause of action created by Title 11. *See id.* Nor is Plaintiff's case of the type that can only arise in bankruptcy cases. *See id.* The Court is not persuaded that Plaintiff's state law claims against Defendants "arise under" or "arise in" any case under Title 11. *See id.*

To determine whether a matter is "related to" a bankruptcy case, the Fifth Circuit has adopted the definition that a proceeding is "related to" the bankruptcy case if the outcome of that proceeding could have "any conceivable effect on the estate being administered in bankruptcy." *Morrison v. W. Builders of Amarillo, Inc.* (*In re Morrison*), 555 F.3d 473, 479 (5th Cir. 2009) (*citing Wood v. Wood* (*In re Wood*), 825 F.2d 90, 97 (5th Cir. 1987)). The record demonstrates that there was no pending bankruptcy proceeding at the time this case was removed. Nor have Plaintiff or Defendants moved to reopen the bankruptcy case or somehow revoke Plaintiff's discharge. *See Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 383 (5th Cir. 2008) (noting that, after defendants moved for summary judgment in state court arguing judicial estoppel, plaintiffs filed motion in bankruptcy court to reopen their bankruptcy proceedings, and after the bankruptcy court granted the motion to

12

reopen, defendant removed the case to federal court invoking the federal district court's "related to" bankruptcy jurisdiction).  Because the outcome of this proceeding could not, at least at this juncture, have any conceivable effect on any estate being administered in bankruptcy, the Court is not persuaded that the instant action is "related to" a bankruptcy case.  *See In re Morrison*, 555 F.3d at 479.

Even if this matter were "related to" Plaintiff's former bankruptcy case, remand would nevertheless be appropriate.  Section 1334(c)(2) provides that

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, *related to a case under title 11 but not arising under title 11 or arising in a case under title 11*, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

The Fifth Circuit has

> interpreted this provision to mandate federal court abstention where "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related [to a case under title 11 but does not arise under] or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."

*In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (*quoting Schuster v. Mims* (*In re Rupp & Bowman*), 109 F.3d 237, 239 (5th Cir. 1997)).

Even if this case were "related to" the previous bankruptcy case, § 1334(c)(2) dictates that, upon Plaintiff's Motion to Remand, the Court must abstain from hearing it.  In such a scenario, this case would have no independent basis for

federal jurisdiction other than § 1334(b), it was commenced in state court, and it can be timely adjudicated in that forum.  See 28 U.S.C. § 1334(c)(2).

    2.    <u>28 U.S.C. § 1452</u>

Defendants next argue that "this action is also removable pursuant to 28 U.S.C. § 1452 because bankruptcy courts have the inherent jurisdiction to enforce their prior orders, even in the absence of 'related to' bankruptcy jurisdiction." Notice of Removal, at p. 10 (*citing* 28 U.S.C. § 1334 and 11 U.S.C. § 105).  Section 1452 reads as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.*
> (b) *The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.*  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452 (emphasis added).

As discussed above, the Court is of the opinion that it lacks jurisdiction under § 1334, thereby precluding removal pursuant to § 1452.  Even if removal were somehow proper under § 1334, the Court is of the view that because this case involves application of state law and no other basis for exercise of jurisdiction exists, remand would nevertheless be appropriate under the equitable grounds provision of § 1452(b).

3.     "Judicial Estoppel"

Though Defendants do not use the term "judicial estoppel" in their Notice of Removal, they raise arguments resembling judicial estoppel.  In their Memorandum in Opposition to Plaintiff's Motion to Remand, Defendants maintain that "Plaintiff's failure to disclose this claim for coverage under his wind policy [in his bankruptcy disclosure statements] gives rise to defenses of judicial and/or equitable estoppel."  Mem. in Opp'n to Mot. to Remand, at p. 15.  Out of an abundance of caution, the Court will address this issue.

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004) (*citing Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988)).  As one district court has observed, however, "[t]he courts applying judicial estoppel based on a debtor's failure to disclose a claim in bankruptcy schedules do not rely on the doctrine to create federal-question jurisdiction." *Champions Truck and Equipment, Inc. v. Patterson*, No. H-08-0108, 2008 WL 2810608, *4 (S.D. Tex. July 21, 2008).  "Although the judicial estoppel defense arises out of [Plaintiff's previous] bankruptcy proceeding, 'a federal defense to a state law claim does not confer federal question jurisdiction.'" *Id.* (*quoting Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996)).  The Court makes no determination on the merits of Defendants' judicial estoppel defense, but concludes that such a defense does not confer subject matter jurisdiction over this case.  In sum, Defendants have not demonstrated that federal question jurisdiction exists.

15

III.  CONCLUSION

For the reasons discussed herein, this Court lacks subject matter jurisdiction over this dispute, and Plaintiff's Motion to Remand should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [7] the above styled and numbered cause to state court should be and hereby is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause be and hereby is remanded to the Circuit Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED,** this the 7th day of December, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE